**AMERICAN HOME ASSURANCE COMPANY, Appellant,**

v.

**Winfred E. HARBISON, Appellee.**

**No. 1932.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 17, 1979.

Rehearing Denied Feb. 7, 1979.

Donald H. Flintoft, Houston, for appellant.

Vaughn O. Stewart, Stewart & Willis, Lake Jackson, for appellee.

CIRE, Justice.

This is a suit brought by appellee Winfred E. Harbison to recover on a disability insurance policy issued by appellant American Home Assurance Company.

Under the terms of the policy, American was to pay 100% of the principal sum of $25,000.00 to appellee, the named insured, in the event of injury resulting in permanent total disability. "Injury" was defined as "bodily injury caused by an accident occurring while this insurance is in force as to the Insured Person and resulting directly and independently of all other causes in loss covered."

In 1976 appellee submitted a claim for benefits, alleging total permanent disability as a result of exposure to chlorine gas in connection with his work at Dow Chemical Company in November of 1974. Appellee claimed that such exposure caused permanent lung damage resulting in his inability to undertake any type of employment. American denied the claim on the ground that the disability was not an injury "resulting directly and independently of all other causes . . ." from an accident. American based this conclusion on appellee's history of obstructive lung disease beginning in 1972. As a result of the denial of his claim appellee brought this suit.

The trial judge, sitting without a jury, found that appellee's "total disability was the reasonable and natural consequence of his accidental injury" and that "said injury was the principal cause of said total disability, independent of other causes." Judgment was awarded to appellee. We affirm.

■ Appellant's first point of error complains of the trial judge's findings that appellee's total disability was the reasonable and natural consequence of his accidental injury and that such accident was the principal cause of the disability, independent of other causes. According to appellant, the finding of *principal* cause necessarily recognizes the existence of one or more subordinate contributing causes and therefore excludes appellee from the terms of the policy. We disagree.

The trial judge made the following additional finding of fact:

12. Any prior diseases or bodily infirmities did not materially or substantially contribute to Plaintiff's total disability.

Neither of these two findings by the judge was attacked on appeal on the basis of no evidence or insufficiency of the evidence.

The combination of these two findings brings appellee within the terms of the policy. The finding that appellee's prior lung disease did not materially contribute to the condition of total disability corresponds to the policy requirement that injury result "directly and independently of all other causes" from accidental means. Appellant's first point of error is overruled.

Appellant's second point of error alleges that the trial judge erred in failing to find as a matter of law that the exposure to chlorine gas was not the sole cause of appellee's disability. We disagree. The supreme court in *Stroburg v. Insurance Company of North America*, 464 S.W.2d 827 (Tex.Sup. 1971), citing with approval *Mutual Benefit Health and Accident Association v. Hudman*, 398 S.W.2d 110 (Tex.Sup.1965), held that while "independent cause" means "sole cause", "[r]ecovery is not defeated when a preexisting condition or disorder is so remote in the scale of causation, so dormant and insubstantial, or so temporary and transient that it does not materially contribute to the death or injury." 464 S.W.2d at 829. The trial judge so found in finding of fact number 12. We overrule appellant's second point of error.

In his third point of error appellant alleges that the trial court erred in not finding as a matter of law that appellee's total disability commenced on or about December 30, 1975. Under the terms of the policy, injury was required to result within one year of the date of the accident, which occurred on November 12, 13, and 14, 1974. The trial judge found that appellee's total disability commenced on or about September 26, 1975.

We treat this as a no evidence point. When a party asserts that there is no evidence to support a finding, the appellate court must view the evidence and all inferences which may be drawn therefrom in the light most favorable to the finding and reject all evidence and inferences contrary thereto. *Butler v. Hanson*, 455 S.W.2d 942 (Tex.Sup.1970).

Appellee testified that the last day he worked for Dow was some time in September of 1975, and further that since that date he has worked for no one else. This was evidence from which the trial judge could conclude that appellee's disability began in September of 1975. Since any date in September would fall within the one year limit, it is not essential that the 26th be established as the precise date of disability. Appellant's third point of error is overruled.

Affirmed.